PS 8
(12/04)

# UNITED STATES DISTRICT COURT
## for the
## District of New Jersey

U.S.A. vs. **Jeneva McGill**  <u>**SEALED**</u>

Docket No. **20-16072**

### Petition for Action on Conditions of Pretrial Release

COMES NOW ELIZABETH G. CHARLESTON PRETRIAL SERVICES OFFICER, presenting an official report upon the conduct of defendant **Jeneva McGill**, who was placed under pretrial release supervision by the **HONORABLE ANTHONY R. MAUTONE** sitting in the Court at **50 Walnut Street, Newark, New Jersey 07101**, on **August 27, 2020**, under the following conditions:

1. Reporting as directed to U.S. Pretrial Services
2. Substance abuse testing/treatment as directed by Pretrial Services
3. Mental health testing/treatment as directed by pretrial Services
4. The defendant shall appear for all future court proceedings

Respectfully presenting petition for action of Court and for cause as follows:

**[SEE ATTACHED ADDENDUM]**

Praying that the Court will order that a warrant will be issued for the defendant's arrest. <u>**THIS PETITION SHALL BE SEALED UNTIL SUCH TIME AS THE WARRANT IS EXECUTED AND UPON FURTHER ORDER OF THE COURT.**</u>

ORDER OF COURT

Considered and ordered this  25th  day of  November , 2020  and ordered filed and made a part of the records in the above case.

_____
ANTHONY R. MATOUNE
U.S. Magistrate Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      November 24, 2020

_____
ELIZABETH G. CHARLESTON
U.S. Pretrial Services Officer

# Do Not File in CM-ECF

Note: The following information is presented to the Court for consideration to modify conditions of release. It may contain confidential information that is protected by Title 18 USC 3153(c)(1). It should not be distributed to third parties or be placed into the electronic case filing system.

## ADDENDUM TO PETITION FOR ACTION ON CONDITIONS OF PRETRIAL RELEASE

*Respectfully presenting petition for action of Court and for cause as follows:*

Based upon the defendant's self-report that she was using both heroin and alcohol daily, she was referred for both a drug test and a substance abuse evaluation at Integrity House. While a drug test was not obtained, as the defendant reported being ill, the evaluation was completed telephonically. The clinical recommendation was for the defendant to enter inpatient residential drug treatment, possibly beginning with detox due to her daily use.

On October 27, 2020, the defendant appeared before Your Honor for a status hearing. At that time, she was ordered to immediately report to an inpatient/detox program and complete the program as deemed necessary. A follow up hearing was scheduled for November 19, 2020, in the event the defendant had not yet been admitted to residential treatment.

Due to the defendant's ongoing medical issues and treatment at the VA Hospital, an intake appointment for residential placement was scheduled for the defendant on November 3, 2020. She failed to participate. As the wait for residential placement with the VA was reported to be 6-8 weeks, Pretrial Services made a referral for inpatient treatment to Integrity House. She was scheduled for admission on November 17, 2020.

Multiple efforts were made to contact the defendant via phone call, email and text message, as well as contact with her defense counsel and uncle. While same were unreturned, the defendant's uncle reported the defendant did not wish to speak with Pretrial Services. The final contact Pretrial Services attempted was a text message to the defendant advising her that she had an admission date to Integrity House the following day; the address and reminder that same was court ordered were also provided. She failed to report for admission as directed.

To date, there has been no contact from the defendant with Pretrial Services. In addition, Pretrial Services was advised the defendant failed to appear for her scheduled status hearing on November 19, 2020 and Your Honor ordered a warrant for her arrest.